# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Jeffrey A. Polzin,

    Plaintiff,

v.                                                                 Case No. 2:21-cv-998

The City of Mayville, Wisconsin,
And, in his Individual Capacity,
Nicholas Weber,

    Defendants.

# COMPLAINT

## I. NATURE OF ACTION

101. This is a civil rights action arising out of the unlawful seizure of the person of the Plaintiff, by the individual Defendant, in violation of the Plaintiff's right to be free from excessive force, secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## II. JURISDICTION AND VENUE

201. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

202. The Eastern District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III. PARTIES

### A. Plaintiff

301. The Plaintiff, Jeffrey A. Polzin, is a natural person with the capacity to sue and be sued in this Court.

### B. Defendants

304. Defendant Nicholas Weber is, on information and belief, an adult resident of Wisconsin. At all times relevant to this lawsuit, Defendant Weber was employed as a police officer for the City of Mayville, acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in Wis. Stats. §895.46.

305. Defendant City of Mayville, Wisconsin, is a Wisconsin city with the capacity to sue and be sued in this Court. Defendant City of Mayville is liable for the unlawful acts of the Defendant Weber because he was acting within the scope of his employment pursuant to Sec. 895.46, Wis. Stats. The Plaintiff does not allege that the

wrongful acts alleged herein were carried out pursuant to a custom or policy of the City of Mayville.

## IV.   ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401.   On April 26, 2018, Defendant Nicholas Weber, then a police officer for the City of Mayville, Wisconsin, arrested Plaintiff Jeffrey A. Polzin, in the Mayville Police Department headquarters, for disorderly conduct.

402.   After placing Plaintiff Polzin under arrest, Defendant Weber placed handcuffs on Polzin's wrists, behind his back.

403.   Plaintiff Polzin told Defendant Weber that the handcuffs were so tight that they were causing him significant pain.

404.   Defendant Weber then did something with the handcuffs, and told Polzin that he had loosened them, but in reality they remained just as tight as, or tighter than, they had been.

405.   Defendant Weber left his handcuffs on Plaintiff Polzin for approximately one-half hour, while transporting him by car to the Dodge County jail.

406.   Plaintiff Polzin experienced pain continuously while restrained by Defendant Weber's handcuffs and has experienced numbness and tingling in his right hand since that time.

407.   Plaintiff Polzin has incurred significant medical expense in connection with the diagnosis of neuropathy and its treatment, all caused by Defendant Weber making his handcuffs unreasonably tight.

## V. BASIS OF LIABILITY

### A. Fourth Amendment.

501. The individual Defendant, Nicholas Weber, violated Jeffrey Polzin's right to be free from unreasonable seizure when he employed excessive force through making his handcuffs unreasonably tight.

### B. Sec. 895.46, Wis. Stats.

502. Defendant City of Mayville, Wisconsin, is liable for the unlawful acts of the Defendant Weber because he was acting within the scope of his employment pursuant to Sec. 895.46, Wis. Stats. The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of the City of Mayville.

## VI. DAMAGES.

### A. Compensatory Damages.

601. By virtue of the unlawful actions of the individual Defendant alleged above, Plaintiff Jeffrey A. Polzin suffered physical and emotional distress, and incurred treatment expenses, for which he seeks an award of compensatory damages in an amount deemed just by the Court.

### B. Punitive Damages.

602. Because the acts of the individual Defendant herein alleged were carried out maliciously or with reckless disregard for Mr. Polzin's fundamental rights,

4

the Plaintiff seeks an award of punitive damages against the individual Defendant to deter thim and others similarly situated from similar wrongful acts in the future.

## VII. CONDITIONS PRECEDENT

701.    All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the court to grant a judgment against the Defendants awarding him damages, costs, attorney's fees and such other and further relief as the Court deems just.

Dated this Wednesday, August 25, 2021.

    Respectfully submitted,

    Jeffrey A. Polzin,

    Plaintiff

    By

    THE JEFF SCOTT OLSON LAW FIRM, S.C.
    JEFF SCOTT OLSON
    State Bar Number 1016284
    131 West Wilson Street, Suite 1200
    Madison, WI  53703
    Phone:    608 283-6001
    Fax:    608 283 0945
    E-mail:    jsolson@scofflaw.com

/s/   Jeff Scott Olson
_____
Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF